UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff/Respondent,

v.

JVON CLEMENTS,

   Defendant/Petitioner.
_____/

Criminal Case No. 2:17-cr-20640-1
Civil Case No. 2:20-cv-12125

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
<u>MOTIONS TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [597, 601]</u>**

Defendant Jvon Clements pleaded guilty to three crimes: racketeering conspiracy in violation of 18 U.S.C. § 1962(d), possession of a firearm to further a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). ECF 473, PgID 3590. The Court sentenced Defendant to 102 months in prison (served concurrently) for the § 1962(d) and § 922(g)(1) crimes. *Id.* at 3591. And the Court sentenced Defendant to 120 months in prison for the § 924(c) crime to be served consecutive to the other sentences. *Id.* In all, the Court sentenced Defendant to 222 months in prison. *Id.*

**BACKGROUND**

At Defendant's plea hearing, the Court reminded Defendant that his plea agreement "give[s] up the right to appeal [his] conviction based on the plea and the right to appeal [his] sentence as long as the sentence comes out at or lower than [the range set out in the plea agreement.]" ECF 604, PgID 7139. The Court later sentenced

1

Defendant below the estimated Guidelines range in the plea agreement. ECF 605, PgID 7191; *compare* ECF 348, PgID 2098–99 *with* ECF 473, PgID 3591. At sentencing, the Court explained that because Defendant received a below-Guidelines sentence, Defendant's plea agreement barred him from appealing his sentence. ECF 605, PgID 7191; *see also* ECF 348, PgID 2106.

Three days later, on May 23, 2019, the Court entered judgment against Defendant. ECF 473. Defendant did not appeal.

More than a year later, on July 1, 2020, Defendant moved to vacate his sentence under 28 U.S.C. § 2255. ECF 597. In the Court's screening, the Court found a technical error that violated Rule 2(b)(5) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Namely, Defendant had failed to sign the motion under penalty of perjury. ECF 599, PgID 7094. The Court also questioned the motion's timeliness. *Id.* at 7095. The Court therefore allowed Defendant to amend the motion so that it could comply with Rule 2 and to submit a supporting brief. *Id.* In that order, the Court did not equitably toll the motion's limitations period or rule on the motion's timeliness. *See generally* ECF 599.

Defendant then submitted an amended motion that complied with Rule 2. ECF 601. The amended motion asserted two claims. Defendant first argued that his trial counsel, Mr. Byron Pitts, was ineffective because Mr. Pitts neither filed a notice of appeal nor consulted with Defendant about an appeal. *Id.* at 7114. Defendants' second argument is less clear. Defendant seemed to argue that there was a structural error in his guilty plea for the 18 U.S.C. § 922(g)(1) crime. *Id.* at 7120. Defendant cited

2

*United States v. Rehaif*, 139 S. Ct. 2191 (2019) and a Fourth Circuit case, *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), *rev'd, Greer v. United States*, --- S. Ct. ---, 2021 WL 2405146 (2021) to support the second claim. ECF 601, PgID 7120. Defendant did not move to equitably toll his motion. *See generally* ECF 601.

Several weeks after Defendant amended the motion to vacate, the Court ordered Defendant to show cause why Defendant did not waive the attorney-client privilege for the ineffective assistance of counsel claims. ECF 607. Defendant then informed the Court of his waiver. ECF 615, PgID 7365. The Court therefore found that Defendant waived the privilege and required Defendant's trial counsel, Mr. Pitts, to provide testimony to the Government for the response to the motion to vacate. ECF 616. The Government later responded to the motion, ECF 621, and filed an affidavit from Mr. Pitts under seal, ECF 622.

**LEGAL STANDARD**

A Defendant sentenced by a federal court may seek "to vacate, set aside, or correct the sentence" under 28 U.S.C. § 2255(a). The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws [], (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was

3

so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

The Court will deny the motions to vacate as untimely. After, the Court will deny a certificate of appealability and in forma pauperis status on appeal.

I. <u>Motions to Vacate</u>

A motion to vacate under Section 2255 carries a one-year limitations period. 28 U.S.C. § 2255(f). The limitations period for Defendant's claims ran from the latest of three events.[1] First, the period could run from "the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1). Second, the period could run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3). And third, the period could run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(4). Failure to move within the one-year limitations period means the Court must deny the § 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). The Court will address whether the motion to vacate is timely under the three § 2255(f) subsections.

---

[1] Defendant did not argue that § 2255(f)(2)'s tolling date would apply to the motion. And based on the Court's review, § 2255(f)(2) does not apply.

4

A.  *Section 2255(f)(1)*

"[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a criminal defendant must file a notice of appeal within fourteen days after the entry of judgment. *See also Blain v. United States*, 766 F. App'x 327, 329 (6th Cir. 2019). As a result, Defendant had to file a notice of appeal by June 6, 2019. Defendant did not appeal the sentence. Thus, the limitations period for the motion to vacate would have expired June 6, 2020. Under § 2255(f)(1), Defendant untimely moved to vacate his sentence because he did not file the motion until July 2020.

B.  *Section 2255(f)(3)*

Defendant may bring a claim to vacate his sentence within a year after the Supreme Court recognizes a new right that is "made retroactively applicable to cases on collateral review." § 2255(f)(3). The only claim that *could* fall under § 2255(f)(3) is Defendant's *Rehaif* claim. But the *Rehaif* claim is untimely because § 2255(f)(3) does not apply.

The Sixth Circuit has held that *Rehaif* merely clarified 18 U.S.C. § 922; it did not create a new constitutional rule. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). *Rehaif* therefore cannot apply retroactively to cases on collateral review. *See Khamisi-El*, 800 F. App'x at 349*; see also United States v. Goodjohn*, No.

5

3:18-cr-053, 2020 WL 3642684, at *2 (W.D. Ohio July 6, 2020); *Wallace v. United States*, 458 F. Supp. 3d 830, 834–35 (M.D. Tenn. 2020).

Other courts of appeals agree that *Rehaif* does not apply retroactively. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("[E]ven if *Rehaif* had announced a new rule of constitutional law . . . it was not made retroactive to cases on collateral review by the Supreme Court."); *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (holding that *Rehaif* merely construed a statute, it did not create a new rule of constitutional law).

Moreover, the Supreme Court recently explained that "*Rehaif* errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" *Greer*, --- S. Ct. ---, 2021 WL 2405146, at *7 (citation omitted). In other words, the Supreme Court rejected Defendant's reading of *Rehaif*. *Greer*, --- S. Ct. ---, 2021 WL 2405146, at *7 ("*Rehaif* error in a plea colloquy is likewise not structural.").[2] Put simply, § 2255(f)(3) does not apply to the *Rehaif* claim; § 2255(f)(1) only applies. As a result, the *Rehaif* claim is untimely because Defendant did not file the claim within one year after the deadline to appeal expired.

C.    Section 2255(f)(4)

Defendant may also file a § 2255 motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered

---

[2] Defendant's reliance on the Fourth Circuit's decision in *Gary* does not save his claim because *Greer* reversed *Gary*.

6

through the exercise of due diligence." *Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (quoting 28 U.S.C. § 2255(f)(4)). Defendant "bears the burden of proving that he exercised due diligence." *Id.* (quoting *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)). "[Section] 2255(f)(4) is directed at the discovery of new facts, not newly-discovered law." *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

For Defendant, the limitations period ran once the deadline to appeal expired because Defendant never requested that his attorney file an appeal. Two reasons support that finding.

One, Defendant falsely claimed the Court informed him, at sentencing, that his counsel would file a notice of appeal. ECF 601, PgID 7105 ("[The] Honorable Stephen J Murphy [] III, informed me that I had a right to appeal and had fourteen (14) day[s] to file a notice of Appeal. [The] [C]ourt informed me that defense counsel, Byron Pitts the III, would file necessary paperwork."); *see also id.* at 7115 ("[T]his [C]ourt informed and/or advised, that counsel Byron H. Pitts III[,] would file the necessary motion for the appeal."). This is simply untrue. Instead, the Court stated, "[D]efendant has given up the right to appeal his sentence because the Plea Agreement says he will if I sentence below the relevant guideline range, which I have. Those waivers . . . are generally enforceable. If you don't think yours is, you can take that up with the Bureau of Prisons." ECF 605, PgID 7191. Put simply, the record is clear that the Court never suggested to Defendant that his counsel would file an appeal.

7

Two, Defendant never asked his attorney to appeal his sentence. Instead, Defendant claimed that his trial counsel "never explained to [him] the pros and cons of . . . filing [a] notice of [a]ppeal." ECF 601, PgID 7106. Indeed, Defendant's motion suggested only that he wanted to discuss with his attorney about an appeal—not file an appeal. *Id.* ("I wanted to talk to [Mr. Pitts] about the appeal. Mr. Pitts advised me that he would come to Sanilac [C]ounty to discuss this option."). Indeed, Mr. Pitts informed the Court that "[n]either [Defendant] nor any members of [his] family asked [Mr. Pitts] to file an appeal. Had [Defendant] asked me about an appeal, I would have reminded him of his appeal waiver in paragraph seven of his [plea deal]." ECF 622, PgID 7403 (under seal). At bottom, no allegations or facts show that Defendant asked Mr. Pitts to file a notice of appeal. Defendant alleged only that he wanted to discuss the option of appealing the case.

Defendant has therefore only asserted that Mr. Pitts was ineffective because Mr. Pitts did not discuss the option of appealing the case with Defendant. A reasonably diligent person in Defendant's position would have known that he should discuss the option of appealing his case within fourteen days of the judgment because, if he did not do so, the discussion would be futile. It follows that the limitations period under § 2255(f)(4) ran from fourteen days after the Court entered judgment against Defendant. Because Defendant did not move to vacate his sentence more than a year after that deadline, the ineffective assistance of counsel claim is untimely. In sum, the one-year limitations period under § 2255(f) expired for all Defendants' claims before he moved to vacate his sentence.

II. Certificate of Appealability and Proceeding In Forma Pauperis on Appeal

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show "that reasonable jurists could debate whether" the Court should have resolved the § 2255 motion "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the motions. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motions to vacate sentence under 28 U.S.C. § 2255 [597, 601] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** Civil Case No. 2:20-cv-12125.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: June 28, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2021, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager